UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHN BUTLER, *individually and as next friend of* JANIE BUTLER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:07-cv-465 (Phillips/Shirley) |
| UNITED HEALTHCARE OF TENNESSEE, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are defendant's Motion to Strike Plaintiff's Filing of Purported Administrative Record ("Motion to Strike Record") [Doc. 9], defendant's Motion to Strike Plaintiff's Interrogatories, Requests for Production, and Request for Admissions, and for Protective Order ("Motion to Strike Discovery") [Doc. 14], plaintiff's Motion to Amend Complaint [Doc. 17], and plaintiff's Motion for Order Granting Oral Argument on the Pending Motions and to Resolve Conflicting Orders ("Motion for Oral Argument") [Doc. 24]. Because the motions and accompanying memoranda before the court are sufficient for the court to resolve the pending motions, plaintiff's Motion for Oral Argument is **DENIED** at this time, insofar as it requests oral argument on the remaining pending motions. For the reasons that follow, the remaining motions are **GRANTED**.

**I.    BACKGROUND**

Plaintiff brings suit under the Employee Retirement Income Security Act ("ERISA"), 29

-1-

U.S.C. §§ 1001-1461 (2006), alleging wrongful denial of medical benefits. Plaintiff brings suit in his individual capacity and as the assignee of Janie Butler, his now ex-wife. At all times relevant to this action Ms. Butler was plaintiff's wife.

Plaintiff alleges that Ms. Butler suffers from severe depression, suicidal thoughts, and alcohol and substance abuse. Having relapsed after numerous attempts at treatment for these issues as an outpatient, Ms. Butler entered an inpatient treatment program at the Sierra Tucson Hospital ("Sierra Tucson") in Tucson, Arizona, from approximately February 15, 2005 to March 15, 2005. Plaintiff alleges that defendant only paid benefits for the first two days of Ms. Butler's stay at this facility and refused to pay any remaining costs, stating that Ms. Butler did not have the requisite history of failed treatment at lesser levels of care. In order to pay for the treatment, plaintiff alleges he secured a second mortgage against the equity in his house.

Subsequent to her release, Ms. Butler relapsed yet again. Ms. Butler received further treatment for her depression and substance abuse issues, including emergency care and psychiatric care, at various facilities in Knoxville, Tennessee and Atlanta, Georgia. Plaintiff alleges that defendant approved benefits for all treatment subsequent to her inpatient care at Sierra Tucson, yet declined to overturn its determination that the Sierra Tucson hospitalization was not medically necessary and therefore not subject to benefits.

Having exhausted all of his administrative appeals and remedies regarding payment of benefits for Ms. Butler's inpatient treatment at Sierra Tucson, plaintiff filed suit in this court on December 14, 2007 under ERISA and Tennessee statutory law.

## II. ANALYSIS

### A. Motion to Strike Record

Plaintiff has filed under seal his purported version of the administrative record [Doc. 11]. Defendant has moved to strike this filing [Doc. 9], arguing that the document should be stricken as not properly authenticated under Fed. R. Evid. 901. Plaintiff likewise moves the court to resolve its conflicting orders allowing both records to be filed under seal. With respect to plaintiff's motion, the court notes that any conflict created by the filing of two purported administrative records will now be resolved in the contest of defendant's Motion to Strike Record.

Regarding the substance of defendant's Motion to Strike Record, as defendant notes, because "in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator," *Killian v. Healthsource Provident Admins., Inc.*, 152 F.3d 514, 522 (6th Cir. 1998), it logically follows that the determination of what the administrator actually considered is solely within the administrator's purview. Furthermore, Rule 901 of the Federal Rules of Evidence provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). As plaintiff cannot know what was actually considered by the administrator, he can neither speak to what comprises the administrative record nor authenticate his submission.

Accordingly, defendant's Motion to Strike Record [Doc. 9] is granted. The court notes, however, that at a future date, plaintiff's filing may be permissible as an exhibit to his claim for denial of due process. The permissible scope of review by the court and discovery by the parties

-3-

will be further discussed and explained below in the context of plaintiff's Motion to Amend Complaint and defendant's Motion to Strike Discovery.

### B. Motion to Amend Complaint and Motion to Strike Discovery

Defendant moves to strike plaintiff's First Set of Interrogatories and Requests for Production of Documents Propounded to Defendant [Exh. A to Doc. 14]. Defendant contends that discovery is generally limited to the administrative record, save for a narrow exception where a plaintiff has pleaded a procedural defect such as denial of due process or conflict of interest. As plaintiff has failed to plead a procedural challenge, defendant argues, the requests for discovery should be stricken. Plaintiff responded in opposition and, in an apparent attempt to cure this defect, has moved to amend its complaint to allege that defendant "committed procedural violations contrary to [f]ederal law, denied the [p]laintif due process, and acted under an actual conflict of interest in administering and denying the subject claim." [Doc. 17 at 1]. Defendant opposes such an amendment as an illicit attempt to circumvent the above-cited discovery rule.

Before the court can rule on defendant's Motion to Strike Discovery Requests, it must determine whether plaintiff should be granted leave to amend his complaint. Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. As defendant has already filed its answer, the rule provides that plaintiff may only amend his pleading "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant a motion to amend, the court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice

-4-

to the opposing party, and futility of amendment. *E.g.*, *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

These factors weigh in favor of granting plaintiff's motion to amend. Plaintiff moves to amend his complaint at an early stage in the proceedings, and accordingly there does not appear to be any undue delay in filing or undue prejudice to defendant. Moreover, as this is plaintiff's first motion to amend his complaint, there have been no failures to cure deficiencies by previous amendments. Finally, it does not appear that plaintiff moves in bad faith. At issue in this case, as demonstrated by plaintiff's attempted submission of what he purports is the true administrative record, is whether defendant afforded plaintiff due process in denying benefits. While it is somewhat curious that plaintiff files this amendment only in response to defendant's motion to strike discovery, the court does not find there is sufficient evidence to demonstrate bad faith on the part of the plaintiff. Further, plaintiff contends that the defendant's provision of the administrative record granted plaintiff the requisite "personal knowledge, information and belief under Fed. R. Civ. P. 11" to make the motion to amend in good faith. Accordingly, the court finds that the balance of the above factors weighs in favor of granting plaintiff's motion to amend.

Given that plaintiff's amended complaint will now allege a cause of action for denial of due process, the court must determine whether to allow further discovery in this action. Due to the policies underlying ERISA of inexpensive and expeditious resolution of benefits claims, discovery is generally not permitted in ERISA actions, leaving courts to review the administrative record only. *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990). Discovery is, however, permitted in

-5-

limited instances where there is a procedural challenge to the administrator's decision, such as a denial of due process. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006). Merely pleading a denial of due process, however, does not afford a plaintiff the opportunity to conduct discovery, "or else a plaintiff could circumvent the [above-mentioned policies] merely by pleading a due process problem." *Id.* at 431. Rather, in the Sixth Circuit, a district court must conduct a two-step process in adjudicating an ERISA action which limits the scope of discovery. The Sixth Circuit first articulated this permissible scope of discovery in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618-19 (6th Cir. 1998), and clarified the two-step process as follows in *Moore*:

> 1. As to the merits of the action, the district court should conduct a *de novo* review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.
>
> 2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Moore*, 458 F.3d at 430. The *Moore* court further noted:

> If discovery into the alleged procedural defects supports a plaintiff's allegations of due process denial, then a district court is obligated to permit discovery into more substantive areas of a plaintiff's claim. If a court finds that due process was not denied, however, then it is appropriate for the district court to deny further discovery into substantive areas, or else a plaintiff could circumvent the directive of *Wilkins* merely by pleading a due process problem.

*Id.* at 430-31 (inner citation removed). Finally, "until a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible." *Id.* at 431.

Under this framework for ERISA discovery, the court finds plaintiff's First Set of Interrogatories and Requests for Production of Documents Propounded to Defendant ("First Set of

-6-

Interrogatories") [Exh. A to Doc. 14] to be overly broad and beyond the current permissible scope of discovery. Indeed, plaintiff concedes that his request "seeks ... to require United to admit that there is no evidentiary support for these affirmative defenses or to provide the evidence supporting the same." [Doc. 16 at 3]. For example, Interrogatory #2 requests, "With regard to the Sixth defense interposed in your Answer please describe in detail each and every factual basis supporting the defense that payments of benefits in this Complaint would be a violation of the agreement that govern the claims made in this lawsuit." [Exh. A to Doc. 14, at 2]. Such a fishing expedition clearly goes to the merits of plaintiff's denial of benefits claim and is not appropriate for discovery at this stage.

Moreover, *Moore* suggests that a plaintiff must demonstrate at least a "colorable" allegation of a violation of due process before even this limited discovery may occur beyond the administrative record. *Moore*, 458 F.3d at 431 ("[T]he only logical reading of this Court's instructions in *Wilkins* is that until a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible."); *see also, e.g.*, *McCann v. Unum Life Ins. Co.*, 384 F. Supp. 2d 1162, 1168 (E.D. Tenn. 2003) ("[W]here a claimant identifies *specific procedural challenges* concerning an administrator's ... decision to deny ERISA benefits, and ... the claimant makes an *initial showing to the court* that he has a reasonable basis to make such procedural challenges, then good cause exists to permit the plaintiff to conduct appropriate discovery. Appropriate discovery is discovery that is strictly circumscribed to obtain potential evidence concerning the identified procedural challenges." (emphasis added)). Plaintiff's bald allegations do not amount to such initial showings.

-7-

Accordingly, defendant's Motion to Strike Discovery [Doc. 14] is granted. Discovery is not permitted until plaintiff makes at least a *prima facie* showing that he was not afforded the process to which he was due; upon such a showing, discovery will be permitted, but only insofar as it seeks evidence pertaining specifically to plaintiff's procedural challenges.

### III.  CONCLUSION

For the foregoing reasons, defendant's Motion to Strike Record [Doc. 9], defendant's Motion to Strike Discovery [Doc. 14], and plaintiff's Motion to Amend Complaint [Doc. 17] are **GRANTED**. Plaintiff's submitted administrative record [Doc. 11] is accordingly **STRICKEN** from the record, and plaintiff's First Set of Interrogatories and Requests for Production of Documents Propounded to Defendant [Exh. A to Doc. 14] is also **STRICKEN**. Per Local Rule 15.1, plaintiff is **DIRECTED** to file his amended complaint in its entirety within ten days of entry of this order. Finally, the filings before the court being sufficient for this court to resolve all issues, plaintiff's Motion for Order Granting Oral Argument on the Pending Motions and to Resolve Conflicting Orders [Doc. 24] is **DENIED** insofar as plaintiff seeks oral argument. The court has addressed the remainder of the relief sought by plaintiff in the context of defendant's Motion to Strike Record.

A briefing schedule will follow.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge