UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN BUTLER, *individually and as next friend of* JANIE BUTLER, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:07-cv-465 (Phillips/Shirley) |
| UNITED HEALTHCARE OF TENNESSEE, INC., ) ) | |
| Defendant. ) | |

## ORDER

Pending before the court are Plaintiff's Motion Requesting that Plaintiff's Prior Filing, Document No. 11, Stricken by Memorandum and Order, Document No. 25, Be Permissible as an Exhibit to Plaintiff's Claim for Denial of Due Process [Doc. 32]; Plaintiff's Motion to Remove Plaintiff's and Patient's Names and All Personally Identifiable Information from All Future Pleadings, Orders, and Memorandum Opinions [Doc. 34]; and plaintiff's Unopposed Motion to Allow Plaintiff Additional Time to File Motion for Judgment on Administrative Record Until Court Rules on Pending Motions [Doc. 36]. Defendant indicated to the court that while it did not join in plaintiff's motions to refer to his previous filing as an exhibit, rather than resubmit it as an attachment and motion to remove information, it did not oppose them. As indicated in the motion to allow plaintiff additional time, defendant does not oppose the motion.

While the court finds plaintiff's motions to refer to his previous filing and motion for additional time to be well-taken, the court does not find plaintiff's motion to remove identifiable

-1-

information to have stated good cause. This case has been pending for a year and a half, during which time all information has been publicly accessible. Accordingly the court sees no basis for moving to seal these records now. Moreover, the plaintiff is the master of his case, and had he wished to keep information protected, he could have so moved from the commencement of the case,[1] or indeed not brought suit at all. In any event, the court does not see much logic in ordering the redaction of future pleadings if prior pleadings are to remain unredacted and fully accessible. Finally, plaintiff may choose how he refers to the parties, for example, by using such generic identifiers as "the patient," without an order of the court.

Accordingly, plaintiff's motions to refer to his previous filing and for additional time [Docs. 32, 36] are **GRANTED**, whereby plaintiff may refer to the previously filed administrative record, still on file with the court, rather than attaching the record in its entirety, and whereby plaintiff shall file his motion for summary judgment on or before **June 26, 2009**. Because the court finds the motion to be without merit, plaintiff's motion to redact identifying information from all future pleadings (including the styling of this case) [Doc. 34] is **DENIED**.

    **IT IS SO ORDERED**.

                **ENTER:**

                            s/ Thomas W. Phillips
                          United States District Judge

---

[1] This is not to say the motion would have been granted as a matter of course, given the "long-established legal tradition [of] the presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983).