UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN BUTLER, individually and as )
assignee of JANIE BUTLER, )
 )
    **Plaintiff,** )
 )
v. ) No. 3:07-CV-465
 ) (Phillips)
UNITED HEALTHCARE OF TENN., INC., )
 )
 )
    **Defendant.** )

## MEMORANDUM AND ORDER

This matter is before the Court on John Butler's ("Plaintiff") Motion to Alter Judgment [Doc. 45], United Healthcare of Tennessee, Inc.'s ["United"] Renewed Motion for Judgment on the Administrative Record [Doc. 48], and Plaintiff's Motion to Strike [Doc. 50]. On December 14, 2007, Plaintiff filed this lawsuit against United under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff sued United, the health insurance provider that denied insurance benefits to his ex-wife, Janie Butler ("Ms. Butler").[1] In particular, Plaintiff argued that he was denied benefits in violation of 29 U.S.C. § 1132(a)(1)(B). Plaintiff asserted that United's decision was substantively and procedurally unreasonable.

The parties eventually filed cross-motions for Judgment on the Administrative Record. [Docs. 38, 40]. On September 9, 2010, the Court entered a Memorandum and Order in which it held

---

[1] Plaintiff brought this action in his own name based upon an assignment of rights that he received as part of the Marital Dissolution Agreement with his ex-wife Janie Butler. [Remand Order, Doc. 43, at 2]. At all times relevant to this action, Ms. Butler was Plaintiff's wife. [Id.].

1

that United's review process was procedurally defective, but that Plaintiff was not "clearly entitled" (substantively) to benefits under the relevant plan. [Remand Order, Doc. 43, at 23-34]. Consequently, the Court remanded the case to United for a "full and fair review." [Id.]. *See also* Elliott v. Metro. Life Ins. Co., 473 F.3d 613, 622 (6th Cir. 2006) (holding that "where the problem is with the integrity of [the plan's] decision-making process, rather than that [a claimant] was denied benefits to which he was clearly entitled, the appropriate remedy generally is remand to the plan administrator) (internal quotations and citation omitted). The parties now seek reconsideration of the Remand Order [Docs. 45, 48]. Plaintiff has also filed a Motion to Strike [Doc. 50]. Based upon the following, each of these motions [Docs. 45, 48, 50] are **DENIED**.

I.  ANALYSIS

   A.  **Plaintiff's Motion to Alter Judgment [Doc. 45]**

       1.  **Rule 59(e) Does Not Provide a Basis for Relief: The Remand Order Was Not a "Final Order"**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff requests that the Court amend its Remand Order [Doc. 43]. [Plaintiff's Motion to Alter Judgment, Doc. 45]. Specifically, Plaintiff argues that the Court erred in finding that he was not "clearly entitled" to benefits under the insurance plan. [Id.]. As the Court of Appeals for the Sixth Circuit has stated, a district court may grant a motion to alter or amend a judgment under Rule 59(e) if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. ACLU of Ky. v. McCreary Cnty., 607 F.3d 439, 450 (6th Cir. 2010) (citation omitted). Plaintiff asserts that the Court made a "clear error of law" regarding a material fact, and therefore the judgment should be amended.

Rule 59(e), however, does not provide a basis for relief. The Court of Appeals has

interpreted the term "judgment" to only refer to "final" judgments or orders. Keith v. Bobby, 618 F.3d 594, 597 (6th Cir. 2010) (citing CGH Transp., Inc. v. Quebecor World, Inc., 261 F. App'x 817, 823 n. 10 (6th Cir. 2008)). The Court's previous Remand Order [Doc. 43] was an "interlocutory order," not a "final order." In Bowers v. Sheet Metal Workers' Nat'l Pension Fund, the Court of Appeals held that a remand order to a plan administrator does not usually constitute a "final decision" for purposes of 28 U.S.C. § 1291[2] ("appellate jurisdiction"). 465 F.3d 535 (6th Cir. 2004). The definition of "final decision" for purposes of 28 U.S.C. § 1291, and "final" orders or judgments for Rule 60(b), are the same. *See* Asser v. Corrigan, 952 F.2d 403, at *1 (6th Cir. 1992) (unpublished table decision) (recognizing that "Rule 60(b) is limited to review of orders that are independently 'final decision' under 28 U.S.C. § 1291") (citing Kapco Mfg. Co., Inc. v. C&O Enter., Inc., 773 F.2d 151, 154 (7th Cir. 1985)). Consequently, the court's analysis in Bowers regarding "finality" for purposes of 28 U.S.C. § 1291 applies equally to Rule 60(b) motions.

In Bowers, the district court found that the plan administrator acted procedurally unreasonable because it "did not apply the definition of disability specified in the plan." 365 F.3d at 536. Based upon this procedural defect, the district court remanded the case to the plan administrator for a determination of the claimant's eligibility for benefits under the correct disability definition. Id. In other words, the district court remanded the case to the plan administrator for a "full and fair review." See id. The plan administrator then filed an appeal, at which point the Court of Appeals had to decide whether it had jurisdiction under 28 U.S.C. § 1291. Id. The court framed the issue as follows: "in a case premised upon a claim for disability benefits under a pension plan

---

[2] Pursuant to 28 U.S.C. § 1291, federal courts of appeal "shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . ." 28 U.S.C. § 1291 (emphasis added).

3

governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ('ERISA'), is an order by a district court remanding the case to the plan administrator for a determination of the claimant's eligibility a final decision under 28 U.S.C. § 1291?" Id. To answer this question, the Court of Appeals had to determine whether the district court's remand order was a "final decision." Id. It was not:

> Typically, where assessment of damages or awarding of other relief remains to be resolved, [an order is not] considered to be 'final' within the meaning of 28 U.S.C. § 1291. The district court's order merely vacated [the plan administrator's] eligibility determination; it did not resolve the ultimate question of whether [the claimant] is eligible for benefits. Accordingly, the order would not typically be considered a final decision.

Id. (internal citations and quotations omitted).

Other courts have reached similar decisions. *See* Petralia v. AT&T Global Info. Solutions, Inc., 114 F.3d 352, 354 (1st Cir. 1997) (holding that a district court's remand order to a plan administrator did not constitute a final decision) ("To avoid any misunderstanding that might otherwise occur, we state that we interpret the order of the district court in this case as having retained jurisdiction, in this sense, to hear and decide any timely motion for judicial review filed after further proceedings before the plan fiduciary. This is so regardless of whether the case is formally held open or instead administratively closed on the district court docket in the meantime."); Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund, 425 F.3d 1087, 1090 (8th Cir. 2005) ("A number of our sister circuits have held that an order remanding to an ERISA plan administrator for further proceedings is interlocutory in nature . . . particularly when the district court retained jurisdiction or otherwise deferred considering the merits of the administrator's decision being reviewed.") (collecting cases); Vigiletta v. Metro. Life Ins. Co., 454 F.3d 378 (2d Cir. 2006) (per

4

curiam) (holding that a remand order to a plan administrator in an ERISA cases is not usually a final judgment); Rekstad v. First Bank Sys., Inc., 238 F.3d 1259, 1262 (10th Cir. 2001) (holding that when a district court explicitly retains jurisdiction over a case it remands to a plan administrator, the order remanding the case does not constitute a final decision); Shannon v. Jack Eckerd Corp., 55 F.3d 561, 563 (11th Cir. 1995) (holding the same). As one court has explained:

> Plaintiff seeks to recover benefits allegedly due to him under the terms of his former employer's long-term disability plan ('Plan') and to enforce his rights under the terms of the Plan. Neither the Fourth Circuit nor this Court has ever decided the merits of this claim, i.e. Plaintiff's entitlement to benefits. Instead, the Fourth Circuit essentially found that MefLife [the plan administrator] committed a procedural error by failing to review some evidence relevant to Plaintiff's disability claim, and directed the Court to remand the claim to MetLife to afford it the opportunity to properly consider all relevant evidence. A district court's order remanding a claim for benefits to the ERSIA plan administrator following a finding that the Plan Administrator had failed to consider all of the relevant evidence is not a final decision, where, as here, there has been no final determination as to [the Claimant's] eligibility for benefits. . . .

Evans v. Metro. Life Ins. Co., No. 6:02-CV-00023, 2006 WL 938733, at *1 (W.D. Va. Apr. 11, 2006) (internal citations and quotations omitted). A minority of courts have reached the opposite conclusion. *See* Hensley v. Nw. Permanente P.C. Retirement Plan & Trust, 258 F.3d 986, 993-94 (9th Cir. 2001) (holding that an ERISA remand order may be a final order if (1) the district order conclusively resolved a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous legal rule which might result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal was unavailable); Pearlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 979 (7th Cir. 1999) (emphasizing that because remands in social security cases are appealable, remands to plan administrators in ERISA cases should be appealable). In the Sixth Circuit, however, the general rule is that remands

5

to plan administrators in ERISA cases are not "final judgments." Bowers, 365 F.3d at 536-38. Consequently, Plaintiff may not rely upon Rule 59(e) for relief.

### 2. Even Though Rule 59(e) Does Not Provide a Basis for Relief, the Court May Still Reconsider its Previous Order

While Rule 59(e) does not provide a basis for relief, Plaintiff is not without recourse. With regard to interlocutory orders, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 F. App'x 942, 946 (6th Cir. 2004) (emphasis removed) (quotation omitted); *accord, e.g.*, Dunn v. Savage (In re Saffady), 524 F.3d 799, 802-03 (6th Cir. 2008); Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders.") (citing Wireless Tel. Co. v. United States, 320 U.S. 1, 47-48 (1943)).

The Court of Appeals for the Sixth Circuit has held that district courts have authority "both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (citing Mallory, 922 F.2d at 1282). Traditionally, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 F. App'x at 959 (citation omitted).

### 3. Plaintiff Has Failed To Show Good Cause for Modifying the Remand Order

As the Court stated in its Remand Order [Doc. 43], when a review process is procedurally

6

unreasonable, but the plaintiff is not "clearly entitled" to benefits under the plan, the proper remedy is to remand the case to the plan administrator for a "full and fair review." [Remand Order, Doc. 43, at 23-34]. In support of his Motion to Amend the Judgment [Doc. 45], Plaintiff states that "the Court made a clearly erroneous finding of fact that a Case Note of United employee Scott Taylor (AR-135) was a medical report of a treating physician." [Plaintiff's Motion to Amend Judgment, Doc. 45, at 1]. Plaintiff asserts that this erroneous finding "tainted this Court's entire subsequent analysis, because this Court found that United's reviewing physician, Dr. Clemente, and others properly relied on this nonexistent doctor's report. In the absence of this erroneous finding, no evidence exists in the Record to support Dr. Clemente's finding or United's decision." [Id.]. In other words, Plaintiff argues that he is "clearly entitled" to benefits under the plan, and that the Court should amend its previous Order [Doc. 43]. While the Court may have erred in finding that Scott Taylor ("Mr. Taylor") was a doctor–rather than a United claims agent–that does not change the Court's ruling. Nor does it "taint" it.

While Plaintiff asserts that "no proof exists in the Record to support United's decision," [Plaintiff's Motion to Amend the Judgment, Doc. 45, at 2], that is far from the truth. The doctors in this case–including Dr. Marc Clemente ("Dr. Clemente"), the doctor who conducted the independent external review–did not rely solely upon Mr. Taylor's case notes in forming their opinions. As the Court stated in its Remand Order, Dr. Clemente's opinion "did not contradict the objective evidence in the Record." [Memorandum and Order, Doc. 43, at 22]. This included the following:

- Records from Plaintiff's stay at the Sierra Tucson Hospital in Tucson, Arizona [AR 115-18];
- Case notes detailing Ms. Butler's treatment and phone conversations between United employees and Ms. Butler's treating physicians [AR 122-38];

7

- Medical opinions of Dr. Charles Freed (Medical Director at United), Dr. Joel Axler (a Behavioral Medical Director at United Behavioral Health, which is an affiliate of United), Dr. Joshua Calhoun (a Board Certified psychiatrist at United Behavioral Health), and Dr. Clemente [AR 145-62, 183-88, 268-69]; and

- Case notes detailing Ms. Butler's treatment and diagnoses [AR 191-205].

Simply put, the Administrative Record contained much more than just Mr. Taylor's case notes. Moreover, even if Mr. Taylor's notes were not medical reports, that does not taint the Administrative Record, or the Court's analysis. Mr. Taylor did not give his medical opinion about Ms. Butler; he just summarized her medical visits. [*See, e.g.*, Mr. Taylor's Claims Notes on February 17, 2005, AR 135]. While Mr. Taylor has an inherent bias–he was a United employee–there is nothing wrong about relying upon this information when it did not contradict the rest of the Administrative Record. Accordingly, Plaintiff's Motion to Amend the Judgment [Doc. 45] is **DENIED**.

### B. United's Renewed Motion for Judgment on the Administrative Record [Doc. 48]

#### 1. Rule 60(b) Does Not Provide a Basis for Relief: The Court's Remand Order Was not a "Final Order"

On October 14, 2010, United filed its Renewed Motion for Judgment on the Administrative Record [Doc. 48]. It is unclear whether United filed its Motion [Doc. 48] pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. As the Court previously stated, neither party may rely upon Rule 59(e) because the Court's Remand Order [Doc. 43] was not a "final" judgment or order. *See* Part I.A.1. Likewise, United may not rely upon Rule 60(b), which also only applies to "final" judgments and orders. *See* Fed. R. Civ. P. 60(b) (providing that "the court may relieve a party or its legal representative from a *final judgment, order, or proceeding* . . .") (emphasis added).

#### 2. United Has Failed to Show Good Cause for Modifying the Remand

8

**Order**

As with Plaintiff's Motion to Amend Judgment [Doc. 45], the Court still has discretion to reconsider its prior ruling. *See, e.g.*, Rodriguez, 89 F. App'x at 959. As the Court of Appeals has instructed, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citation omitted). In this case, United's Renewed Motion for Judgment on the Administrative Record [Doc. 48] is based upon alleged "newly discovered evidence."

While Rule 60(b) may not apply under the circumstances, the Court still finds guidance from it. In order to succeed on a Rule 60(b)(2) motion ("newly discovered evidence"), "a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (internal quotations and citation omitted). In this case, United has provided a "Supplement to the Administrative Record," which contains the following:

(1) a letter from Dr. Clemente, dated October 7, 2010, almost a month after the Court remanded the case to United for a "full and fair review" [Doc. 47-1, at 11-12];

(2) a letter from Dr. Michael Scott ("Dr. Scott"), one of Ms. Butler's treating physicians at Sierra Tucson Hospital in Tucson, Arizona, dated April 29, 2005 [Doc. 47-1, at 6];

(3) a letter from Dr. Kenneth Jobson ("Dr. Jobson"), Ms. Butler's treating psychiatrist in Knoxville, Tennessee, dated May 9, 2005, and accompanying medical chart detailing Ms. Butler's medications [Doc. 47-1, at 7-10]; and

(4) insurance claim notes [Doc. 47-1, at 4-5].

9

The Court will consider each of these documents in turn.

First, the Court finds that Dr. Clemente's letter [Doc. 47-1, at 11-12] is not "newly discovered evidence." In the Remand Order [Doc. 43], the Court held that United's review process was procedurally defective for a number of reasons. Notably, there was no evidence that United considered the letters from Ms. Butler's treating physicians. As the Court explained:

> While United did not have to defer to Ms. Butler's treating physicians (and her psychiatrist in Knoxville, Dr. Jobson), *see* Smith, 450 F.3d at 262-63, it was required to: (1) provide the medical opinions to Dr. Axler, Dr. Calhoun, and Dr. Clemente; and (2) those doctors needed to consider the opinions of Ms. Butler's treating physician in order for there to be a 'full and fair review.' As the Court of Appeals for the Sixth Circuit has stated, 'a plan [administrator] may not reject summarily the opinions of a treating physician, but must instead give reasons for adopting an alternative opinion.' Elliot, 473 F.3d at 620 (citing Evans, 434 F.3d at 877) ('[A] plan administrator may not arbitrarily disregard reliable medical evidence proffered by a claimant, including the opinions of a treating physician.') (citations omitted). Because those documents are not provided in the Record–let alone summarized–the Court is unable to conclude whether United properly considered the medical opinions of Ms. Butler's treating physicians. *See* Elliot, 473 F.3d at 620 (finding that because the insurer gave 'greater weight to a non-treating physician's opinion for no apparent reason [,] [that] lends force to the conclusion that [the insurer] acted arbitrarily and capriciously').

[Remand Order, Doc. 43, at 17]. Now, United wants the Court to consider a letter by Dr. Clemente, dated October 7, 2010 [Doc. 47-1, at 11-12]. This letter was dated more than a month after the Court remanded the case to United for a "full and fair review." In the letter, Dr. Clemente states that he has "read and considered the letters from Dr. Jobson and Dr. Scott when he reviewed this case," and that Ms. Butler was not entitled to benefits under the plan. [United's Renewed Motion for Judgment on the Administrative Record, Doc. 43, at 2]. This purportedly shows that United's review process was procedurally reasonable, and therefore the Court should amend its prior Order

10

[Doc. 43].

The letter is not "newly discovered evidence" for one obvious reason: Dr. Clemente wrote the letter *after* the case was remanded to United. As the Court of Appeals has stated, "newly discovered evidence" must exist at the time the relevant order was entered. *See* McFall v. Patton, 238 F.3d 422, at *2 (6th Cir. 2000) (unpublished table decision) ("The alleged evidence was evidence that came into existence *after* judgment was entered and this does not qualify as 'newly discovered evidence' under Rule 60(b)(2).") (emphasis added). *See also* Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc., Nos. 05-2479, 06-2438, 2007 WL 2733336, at *8 (6th Cir. Sep. 19, 2007) (recognizing that the "well-conceived rule that newly discovered evidence for motions under . . . Rule 60(b)(2) must pertain to evidence which existed at the time of trial") (citing Davis v. Jellico Cmty. Hosp., Inc., 912 F.2d 129, 136 (6th Cir. 1990)). The Court entered its Remand Order [Doc. 43] on September 9, 2010. Dr. Clemente's letter is dated October 7, 2010–more than a month later. [Doc. 47-1, at 11-12]. Because Dr. Clemente's letter did not exist at the time the Court entered its Remand Order [Doc. 43], the letter does not qualify as "newly discovered evidence."

Second, the letters by Dr. Scott and Dr. Jobson (and medical charts) [Doc. 47-1, at 6, and 47-1, at 7-10] are not "newly discovered evidence." Rule 60(b)(2) provides that a district court may afford relief from a final judgment if there is "newly discovered evidence that, *with reasonable diligence*, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) (emphasis added). This evidence was available for months before the Court entered its Remand Order [Doc. 43] on September 9, 2010. United states that it was "unable to locate copies of these letters at the time the [Administrative Record] was assembled for this ligation, possibly because it had sent its only copies of these letters to United's independent external

11

reviewer, Dr. Marc Clemente of Prest & Associates, Inc., for consideration in his independent external review." [United's Renewed Motion for Judgment on the Administrative Record, Doc. 48, at 2]. This is not an adequate excuse. Dr. Clemente–after all–was the doctor who performed the independent external evaluation of Plaintiff's claims. Presumably, United knew that Dr. Clemente would need copies of those documents to evaluate Plaintiff's appeal. The medical charts by Dr. Jobson (which were also in Dr. Clemente's possession) are not "newly discovered evidence" for the same reasons. This evidence was not in Plaintiff's possession, nor was it out of United's reach. United either forgot or chose not to include it.

Moreover, United was well aware that Plaintiff challenged both the substance *and* procedure of its decision. [Plaintiff's Memorandum in Support of his Motion for Summary Judgment, Doc. 39, at 5-15]. While the Court could have allowed United to supplement the Administrative Record in response to a procedural challenge, *see* Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring), that is not what United has requested. United filed its Supplement [Doc. 47-1] in response to a procedural *violation*. At this stage in the proceedings, there is no longer merely a procedural challenge–the Court has already determined that Plaintiff did not receive a "full and fair review." Additional discovery is not appropriate for several reasons.

Prior to the Remand Order [Doc. 43], Plaintiff argued that United's decision was procedurally unreasonable because "[n]either the letters of Drs. Scott nor Jobson, nor the medical records from Sierra Tucson or any other provider are included in United's Administrative Record." [Plaintiff's Memorandum in Support of his Motion for Summary Judgment, Doc. 39, at 12]. United clearly knew–well before the Court entered its Remand Order [Doc. 43]–that Plaintiff raised a procedural challenge. At that point in time, United should have attempted to supplement the

12

Administrative Record. If the Court allowed Untied to supplement the Administrative Record at this point, the Court would be caught in an endless stream of supplements and motions. Again, generally district courts in ERISA cases are limited to the administrative record before the plan administrator at the time of its decision. While there is an exception to this rule, such discovery should have been requested–and completed–prior to the Court's Remand Order [Doc. 43]. United cannot now–after learning *why* its review process was defective–attempt to cure its mistakes. The Court has already ruled upon that issue, and United must provide a "full and fair review" from this point forward. Revisiting its previous history is not what the Court ordered.

Third, the insurance claim notes [Doc. 47-1, at 4-5] are also not "newly discovered evidence." United offered these claim notes in an attempt to show that it provided a "full and fair hearing." However, like the other "supplements" that United has provided, they are untimely. United knew as early as June 25, 2009 (when Plaintiff filed his Motion for Summary Judgment, Doc. 38), that Plaintiff challenged United's review process. United has failed to show that it used "due diligence" in attempting to locate these documents prior to the Remand Order [Doc. 43]. Accordingly, United's Renewed Motion for Judgment on the Administrative Record [Doc. 48] is **DENIED**.

### C. Plaintiff's Motion to Strike [Doc. 50]

#### 1. Plaintiff's Motion to Strike is Denied

In his Motion to Strike [Doc. 50], Plaintiff argues that the Court should strike the Declaration of Michael A. Haberman ("Mr. Haberman"), a regional director for United Behavioral Health [Doc. 47]. Plaintiff also requests that the Court strike United's "Supplement to the Administrative Record" [Doc. 47-1], and United's Renewed Motion for Judgment on the Administrative Record [Doc. 48].

13

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

In support, Plaintiff states that Dr. Haberman's Declaration [Doc. 47] and the "Supplement to the Administrative Record [Doc. 47-1] contain psychiatric records of Ms. Butler that should have been filed under seal. [Plaintiff's Motion to Strike, Doc. 50, at 1]. Plaintiff also argues that United violated Rule 5.2 of the Federal Rules of Civil Procedure, which requires filers to redact Social Security and date of birth information. [Id., at 2]. According to Plaintiff, these violations were "flagrant and caused [him] unnecessary work," and therefore the Court "should respectfully Order reasonable sanctions for Defendant's conduct." [Id.].

This is not a proper basis for striking those documents. United made a mistake, but the Court quickly sealed those documents to avoid any public disclosure. [Order Sealing Documents, Doc. 49]. No further action is needed at this point.

Plaintiff also requests that United's Renewed Motion for Judgment on the Administrative Record [Doc. 45] be stricken. In support, Plaintiff states that the motion is "procedurally improper and untimely." [Plaintiff's Motion to Strike, Doc. 50, at 2]. However, the Court previously held that both parties' Motions to Reconsider [Docs. 45, 48] were untimely and improper. Plaintiff relied upon Rule 59(e) in support of his Motion to Alter Judgment [Doc. 45], but Rule 59(e) does not provide a basis for relief. *See* Part I.A.1. United relied upon either Rule 59(e) or Rule 60(b) in support of its Renewed Motion for Judgment on the Administrative Record [Doc. 48], but neither rule provided a basis for relief. *See* Part I.B.1. The Court could have chosen to strike both of those motions, but instead chose to consider them. *See* Rodriguez, 89 F. App'x at 959 (holding that

14

district courts have an inherent power to reconsider interlocutory orders). Consequently, the Court will not strike United's Renewed Motion for Judgment on the Administrative Record [Doc. 48]. Plaintiff's Motion to Strike [Doc. 50] is therefore **DENIED**.

### 2. The Parties Are Not Permitted to Conduct Additional Discovery at this Time

On September 9, 2010, the Court remanded the case to United to conduct a "full and fair review." [Remand Order, Doc. 43, at 23-24]. In a recent pleading, United asserts that it "*has fully complied* with this Court's remand Order, providing additional evidence that Janie Butler did indeed receive a full and fair review." [United's Reply in Support of its Renewed Motion for Summary Judgment, Doc. 52, at 2] [emphasis added]. In particular, United asserts that it complied with the Remand Order [Doc. 43] by including the October 2010 letter by Dr. Clemente [Doc. 47-1, at 11-12] and the medical opinions (and charts) of Ms. Butler's treating physician and psychiatrist [Doc. 47-1, at 6, Doc. 47-1, at 7-10]. The Court, however, did not remand the case so that United could *decide* whether it provided a "full and fair review" in the first instance. That issue has already been decided.

To this date, United has not provided a "full and fair review." Even though United has provided the letters from Ms. Butler's treating physician and psychiatrist, that is not enough. The point was for United to consider the letters, not just provide them to the Court. It was not merely the omission of those letters in the Administrative Record that made the review process procedurally defective. United did not *explain* why it disagreed with the medical opinions of Plaintiff's treating physicians and psychiatrist. United has attempted to cure that deficiency with Dr. Clemente's recent letter [Doc. 47-1, at 11-12], but falls well short.

In the letter, Dr. Clemente states that he "read and considered the letters from Dr. Jobson and

15

Dr. Scott when he reviewed this case," and that Ms. Butler was not entitled to benefits under the plan. [United's Renewed Motion for Summary Judgment, Doc. 43, at 2]. While Dr. Clemente summarizes the medical opinions of Dr. Scott and Dr. Jobson, he does not explain–in sufficient detail–why he disagrees with them. Dr. Clemente is free to disagree with their medical opinions (and such opinions need not be given greater weight), but he must provide sufficient reasons for his disagreement. A two-page letter by Dr. Clemente that does not discuss–in meaningful detail–his disagreement with Ms. Butler's physicians is not a "full and fair review."

It is now up to United to provide a "full and fair review" of Plaintiff's claims. For starters, Plaintiff shall have the right to submit additional information to United before a decision is made. *See* DeGrado v. Jefferson Pilot Fin. Ins. Co., 451 F.3d 1161, 1176 (10th Cir. 2006) (holding that a remand to the plan administrator for a "full and fair review" should allow the plaintiff to submit additional material to the administrator); Buffonge v. Prudential Ins. Co. of Am., 426, F.3d 20, 32 (1st Cir. 2005) (holding the same). Second, Plaintiff is entitled to have a different doctor conduct the independent external review. Having Dr. Clemente once again review Plaintiff's claim is not the "full and fair review" that the Court imagined.

Finally, neither party is entitled to conduct additional discovery at this time. This case was remanded to United almost a year ago, and no progress has been made. Instead of providing a new review process, United has continued to fight over the previous one. Any further delay by United may result in sanctions.

## II. CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Alter Judgment [Doc. 45] is **DENIED**, United's Renewed Motion for Judgment on the Administrative Record [Doc. 48] is **DENIED**, and

Plaintiff's Motion to Strike [Doc. 50] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

17