UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN BUTLER, individually and as the assignee of JANIE BUTLER,<br>　　　Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE OF TENN., INC.,<br>　　　Defendant. | )<br>)<br>)<br>)　No. 3:07-CV-465<br>)　(Phillips)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**I.　Introduction**

This matter comes before the Court on Plaintiff's motion for reconsideration and/or clarification. [Doc. 61.] Plaintiff requests that the Court reconsider its denial [Doc. 54] of Plaintiff's motion to alter the order remanding and dismissing this case. The Court having fully reviewed the record in this case, and for the reasons contained herein, Plaintiff motion is hereby **DENIED**.

**II.　Background**

Plaintiff John Butler filed the instant suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in his individual capacity and as the assignee of Janie Butler ("Ms. Butler"), who was Plaintiff's wife at all times relevant to this action. [Doc. 1.] Plaintiff alleged that Defendant United Healthcare of Tennessee, Inc.'s denial of insurance benefits to Ms. Butler for her inpatient treatment at Sierra Tuscon Hospital was substantively and procedurally unreasonable, and therefore violative of 29 U.S.C. § 1132(a)(1)(b). [Doc. 26.]

The parties filed cross-motions for summary judgment on the administrative record [Docs. 38, 40], and on September 9, 2010, the Court held that Defendant's review process was

procedurally defective, but that Ms. Butler was not "clearly entitled" to benefits under the plan. [Doc. 43.] The Court remanded the case to the Defendant for a "full and fair review." *Id.* at 12-13 (citing *Elliott v. Metro Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006) ("[W]here the problem is with the integrity of [the plan's] decision-making process, rather than that [a claimant] was denied benefits to which he was clearly entitled, the appropriate remedy generally is remand to the plan administrator.")). The parties filed cross-motions seeking reconsideration of the Court's remand order, [Docs. 45, 48], but on August 1, 2011, the Court denied said motions. [Doc. 54.]

Plaintiff filed the instant motion on September 21, 2011, requesting that the Court reconsider and/or clarify its order denying Plaintiff's motion to reconsider or alter the Court's remand order. [Doc. 61.] Plaintiff argues that there is no "objective evidence" in the Administrative Record supporting Defendant's denial of benefits to Ms. Butler. *Id.* at 4. Plaintiff contends that the medical opinions of Drs. Freed, Axler, Calhoun, and Clemente are based exclusively on Defendant's claim notes, which are themselves not based on "objective evidence." *Id.* at 3. Finally, Plaintiff argues that Defendant withheld "objective evidence" that it did in fact possess and precluded Plaintiff from submitting additional evidence. *Id.* at 4. Plaintiff requests either (1) clarification as to whether Defendant's "self-serving claim notes are 'objective evidence'" supporting United's denial; and (2) reconsideration of the Court's remedy of remand to the plan administrator. As support for the latter request, Plaintiff alleges that this case is one in which "'lack of due process . . . or . . . bias' by the plan administrator" necessitates the district court's resolution of the dispute without remand. *Id.* at 10-12 (citing *Walsh v. Metro. Life Ins. Co.*, 2009 WL 603003, at *9 (M.D. Tenn. Mar. 9, 2009) (quoting *Wilkins v. Baptist Healthcare. Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998))).

2

### III.    Jurisdiction

Rule 59(e) of the Federal Rules of Civil Procedure does not provide a basis for relief from the judgment order in this case. *See* [Doc. 54, at 2-6.] A district court may grant a motion to alter or amend a judgment under Rule 59(e) if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (citation omitted). The United States Court of Appeals for the Sixth Circuit interprets the term "judgment" to refer only to "final" judgments or orders. *Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (citing *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 n.10 (6th Cir. 2008)). An order remanding an ERISA case to the plan administrator is interlocutory, not final, *see Bowers v. Sheet Metal Workers' Nat'l Pension Fund,* 465 F.3d 535 (6th Cir. 2004); *Asser v. Corrigan*, 952 F.2d 403, at *1 (6th Cir. 1992) (unpublished table opinion), so Plaintiff may not rely on Rule 59(e) for relief.

However, the Court has discretion to consider the merits of Plaintiff's second motion for reconsideration and/or clarification. With regard to interlocutory orders, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 Fed. App'x 942, 946 (6th Cir. 2004) (emphasis removed) (quotation omitted); *see also In re Saffady*, 524 F.3d 799, 802-03 (6th Cir. 2008); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) (holding that district courts have authority "both under common law and Rule 54(b) to reconsider interlocutory orders . . . .") (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

3

IV.   **Analysis**

   A.   **The Administrative Record Contains Sufficient Evidence to Preclude a Finding that Plaintiff Was "Clearly Entitled" to Benefits.**

A substantive inquiry into whether a denial of ERISA benefits was warranted ordinarily is barred as moot, and remand is appropriate, where a court finds that a procedural defect denied the plaintiff an adequate opportunity for a full and fair review of the plan administrator's adverse benefits decision. *Gilliam v. Hartford Life & Accident Ins. Co.*, 2006 WL 2873475, at *6 (E.D. Ky. Oct. 5, 2006); *see also Elliott*, 473 F.3d at 622; *Walsh*, 2009 WL 603003, at *4. However, an exception exists when the plaintiff was "denied benefits to which he was 'clearly entitled,'"—to wit the plaintiff's claim "is so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." *Daft v. Advest, Inc.*, 2011 WL 4430852, at *11 (6th Cir. Sept. 23, 2011) (quoting *Elliott*, 473 F.3d at 622; *Tate v. Long Term Disability Plan for Salaried Emps. of Champion Int'l Corp.*, 545 F.3d 555, 563 (7th Cir. 2008), *abrogated on other grounds by Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. __, 130 S.Ct. 2149, 2156 n.2 (2010)).

The Sixth Circuit sets a high bar for proving clear entitlement to benefits. Recently, in *Hunter v. Life Insurance Company of North America*, the Sixth Circuit considered a benefits termination determination that (1) failed to adequately consider the plaintiff's occupational requirements or specifically assess plaintiff's ability to perform them; (2) arbitrarily disregarded reliable medical evidence demonstrating disability in favor of medical evidence lacking in thoroughness and reliability; (3) credited medical opinions of doctors who did not physically examine the plaintiff; (4) credited medical opinions containing "conclusory and unsupported statements that the documentation . . . was insufficient to support a finding of disability"; and (5) failed to consider the Social Security Administration's determination of total disability. 2011 WL

4

2566357, at *5-6 (6th Cir. June 29, 2011) (citing *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 170 (6th Cir. 2007)). In addition, the administrative record contained "significant evidence support[ing] a disability finding." *Id.* at *6. But despite this significant evidence, and even though the court found the plan administrator's decision-making process arbitrary and capricious, the Sixth Circuit remanded the case to the plan administrator, acknowledging that remand would not have been appropriate had the plaintiff been "clearly entitled" to the benefits. *Id.* at *8.

In *Helfman v. GE Group Life Assurance Company,* the Sixth Circuit reviewed a benefits determination with similar failings to that in *Hunter*, but which also was based entirely on "file review" and did not include an independent medical exam. 573 F.3d 383, 392-96 (6th Cir. 2009). The court found that the administrator's denial of benefits was arbitrary and capricious, and not the result of "a deliberate and principled reasoning process." *Id.* at 396. However, though the Sixth Circuit acknowledged that "the integrity of the decision-making process has certainly been questioned," it still was unable to say with certainty that the claimant was clearly entitled to benefits. *Id.*; *see also Elliott*, 473 F.3d at 622 (finding that the record left too many open questions for the court to "say with any accuracy" that the plaintiff was clearly entitled to benefits). The Sixth Circuit has never expressly defined the clear entitlement standard in ERISA cases, but its analysis in the Social Security context proves instructive: "A claimant is not clearly entitled to benefits unless 'the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking.'" *Martin v. Comm'r of Soc. Sec.*, 61 Fed. App'x 191, 202 (6th Cir. 2003) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

Plaintiff's motion asks the Court to inquire into the amount of "objective evidence" on record, and contends that the absence of objective evidence in the administrative record mandates

5

a finding that the claimant was "clearly entitled" to benefits. [Doc. 61, at 6-10.] While courts often require claimants to present "objective evidence" of disability, *see, e.g.*, *Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 313 (6th Cir. 2010) (citing *Cooper*, 486 F.3d at 166); *Huffaker v. Metro. Life Ins. Co.*, 271 Fed. App'x 493, 499-500 (6th Cir. 2008), Plaintiff points to, and the Court finds, no case law holding plan administrators to the same standard.[1] Instead, courts require administrators to proffer a "'reasoned explanation' based on substantial evidence." *Satterwhite v. Metro. Life Ins. Co.*, 2011 WL 1100293, at *2 (E.D. Tenn. Mar. 22, 2011) (quoting *Moon*, 405 F.3d at 379); *see also Richard v. Johnson & Johnson*, 688 F. Supp. 2d 754, 759 (E.D. Tenn. 2010). The Court applied this standard to the administrative record in its prior orders. There is no support for Plaintiff's assertion that an absence of "objective evidence" proves clear entitlement to benefits[2]; as discussed *supra*, a claimant is "clearly entitled" to benefits only if the claim is "so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." *Daft*, 2011 WL 4430852, at *11.

Based on the evidence contained in the record, and for the reasons stated in its previous orders, *see* [Doc. 43, at 18-23]; [Doc. 54, at 6-8], the Court cannot say with certainty that Ms. Butler was "clearly entitled" to benefits. Like the administrator's decision in *Helfman*, Defendant's decision was based on a "file review" rather than a physical examination. 573 F.3d at

---

[1] Plaintiff notes that no case law supports the proposition that claim notes are "objective evidence." However, the absence of case law in this regard is the result of the fact that "objective evidence" is not the standard by which any court has reviewed a plan administrator's decision.

[2] Because objectivity is not the standard with which courts evaluate administrative records in ERISA cases, and because Plaintiff provides no definition by which the Court could determine whether evidence on record is sufficiently objective to satisfy his proposed standard, the Court declines to rule whether a defendant's claim notes can, in some cases, constitute "objective evidence" or whether the record in this case contains "objective evidence."

6

392-96. While this suggests that the decision was arbitrary, it does not mandate the conclusion that Ms. Butler was "clearly entitled" to benefits. *Id.* at 396.

Without more evidence, the Court is unable to find clear entitlement to benefits. However, for the reasons stated in its judgment order, *see* [Doc. 43, at 15-18], the Court agrees with Plaintiff that the record is incomplete and that the procedures used by United in the appeals process were defective and unreasonable. Plaintiff was denied the opportunity to receive a full and fair review of the plan administrator's denial of benefits to Ms. Butler.

**B.     Remand to the Plan Administrator Was Proper.**

Remand to the plan administrator ordinarily is the proper remedy when procedural error denied a plaintiff the opportunity to receive a full and fair review of the plan administrator's benefits decision. *Walsh*, 2009 WL 603003, at *9-10; *Gilliam*, 2006 WL 2873475, at *9. The Sixth Circuit counsels against consideration of new evidence in an ERISA appeal:

> Nothing in the legislative history suggests that Congress intended that federal district courts would function as plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

*Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990). However, district courts' choice of remedy is discretionary in cases of procedural error: a district court may examine new evidence and resolve an ERISA dispute without remand to the plan administrator if "consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Buchanan v. Aetna Life Ins. Co.*, 179 Fed. App'x 304, 308 (6th Cir. 2006) (citing *Wilkins*, 150 F.3d at 619). In other words, while remand is appropriate "in a variety of circumstances, particularly

7

where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete," *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 373 (6th Cir. 2009), court intervention is appropriate "where remand would not protect the procedural rights of the claimant," *Walsh*, 2009 WL 603003, at *10.

The Sixth Circuit recently considered a case in which a plan administrator's failure to apply the proper legal standard to the plaintiff's claim "render[ed] inadequate the [plan administrator's] reasoning in support of its decision . . . ." *Daft*, 2011 WL 4430852, at *11 (citing *Tate*, 545 F.3d at 563 (determining that "remand is appropriate" when "the Plan did not provide adequate reasoning for its conclusion")). In *Daft*, the record "lacked crucial information" and there were "many factual gaps in the administrative record that need filling in order to allow a reasoned determination of the [] issue." *Id.* (citing *Miller v. United Welfare Find*, 72 F.3d 1066, 1073-74 (2d Cir. 1995) (remanding after determining that "[t]he present record is incomplete"). The court distinguished the facts at hand from those of cases in which remand was inappropriate because "'there are no factual determinations to be made,' or because the plan administrator 'properly construe[d] the plan documents but arrive[d] at the wrong conclusion that is simply contrary to the facts.'" *Id.* (quoting *Williams v. Int'l Paper Co.*, 227 F.3d 706, 715 (6th Cir. 2000) and *Shelby Cnty. Health Care*, 581 F.3d at 373-74 (internal quotation omitted), respectively). The Sixth Circuit held that, upon finding a procedural defect, the district court erred by considering the merits of the plaintiff's substantive challenge to the plan administrator's benefits decision without first remanding the plaintiff's claims to the plan administrator. *Id.* at *13.

Several of our sister courts' decisions also are instructive to this Court's determination whether to remand this case for reconsideration by the plan administrator. In *Gilliam*

8

*v. Hartford Life and Accident Insurance Company*, the United States District Court for the Eastern District of Kentucky found that the plaintiff's procedural rights were violated, and therefore she was not given the opportunity for a full and fair review, when the plaintiff was mistakenly led to believe that the plan administrator would not consider any new information during the appeal of her benefits termination. 2006 WL 2873475, at *8-9. The court found it "evident that the ultimate termination of benefits by the administrator was largely premised not upon objective medical information, but rather upon the Examiner's own interpretation of Plaintiff's status, which was in turn based on an arguable lack of verifiable information." *Id.*

In considering the "two primary paths of disposition" available to the court upon a finding of a procedural violation, the *Gilliam* court held that "[r]emand is appropriate in this case because just as Plaintiff must be permitted to supplement the record prior to a final determination of benefits, Defendant must be afforded the initial opportunity to administer Plaintiff's claim once the record is complete." *Id.* at *10. Noting that while remand would not be warranted if it would be futile or constitute a "useless formality," the court stated, "[w]here, as here, *the record is lacking* and consequently prevents a proper determination on the merits, remand is necessary to ensure the proper review of Plaintiff's claim . . . . Remand is appropriate . . . , and would therefore not be a formality, because the *record is conspicuously void of objective and ripe medical data* pertaining to Plaintiff's disability." *Id.* (emphasis added).

Similarly, in *Walsh v. Metropolitan Life Insurance Company*, the United States District Court for the Middle District of Tennessee considered whether the plan administrator or the court was better suited to decide the plaintiff's appeal of the defendant's decision to terminate benefits. 2009 WL 603003, at *7. While the Court agrees with Defendant that the procedural error

9

in *Walsh*—that of sending an outdated termination letter to the plaintiff misstating the period for appeal—is less egregious than that of Defendant, the *Walsh* court's analysis is apposite to the instant case. The court found that a "lack of due process" sufficient to justify a district court's determination of an ERISA claim without remand "refer[s] to some procedural error apart from the underlying violation of § 1133—something on par with bias, which would suggest to a district court that the ERISA claimant might not receive impartial adjudication of his claim on remand to the administrator." *Id.* at *9. In concluding that the plan administrator could protect the plaintiff's procedural rights on remand, the court gave much credence to the fact that the defendant "manifested diligence in researching and investigating Plaintiff's claims . . . [and] sought review of Plaintiff's appeal by two (2) new physicians . . . ." *Id*. at *10.

Defendant is not incapable of protecting Plaintiff's procedural rights upon remand. Defendant's mistake regarding the United Behavioral Health 2005 Level of Care Guidelines was unintentional. In support of his argument that there was a lack of due process and bias on the part of Defendant, Plaintiff cites those portions of the Court's orders discussing Defendant's violation of Plaintiff's procedural rights under 29 U.S.C. § 1133. [Doc. 61, at 10 (citing Doc. 43, at 11-18; Doc. 54, *generally*).] However, nowhere in its opinions has this Court insinuated that the incompleteness of the administrative record was intentional or suggestive of bias on the part of Defendant. A finding that an administrative record was incomplete or that a plaintiff did not receive a full and fair review does not, without more, evince bias, bad baith, or a manifest "lack of due process" on the part of a plan administrator. *See Walsh*, 2009 WL 603003, at *9.

In addition, like the defendant in *Walsh*, it is evident that Defendant was diligent in researching and investigating Ms. Butler's claim, even though its mistakes as to the UBH criteria

10

were not corrected until Dr. Clemente's final review. *Id.* at *10. In particular, Defendant sought review from Drs. Axler, Calhoun, and Clemente. [A.R. 151-62, 173-78, 182, 183-88, 229-30, 240, 247.] And where, as here, "the record is lacking and consequently prevents a proper determination on the merits," remand is necessary to ensure the proper review of Ms. Butler's claim. *Gilliam*, 2006 WL 2873475, at *10; *see also Daft*, 2011 WL 4430852, at *11 (citing *Miller*, 72 F.3d at 1073-74 (remanding after determining that "[t]he present record is incomplete")); *Shelby Cnty. Health Care*, 581 F.3d at 373 (Remand is "appropriate in a variety of circumstances, particularly where . . . the administrative record is factually incomplete."). Like the records in *Gilliam* and *Daft*, the record in the instant case is "conspicuously void of objective and ripe medical data pertaining to Plaintiff's disability" and "has many factual gaps . . . that need filling in order to allow a reasoned determination . . . ." *Gilliam*, 2006 WL 2873475, at *10; *Daft*, 2011 WL 4430852, at *11. Plaintiff will have the opportunity on remand to supplement the record, so Defendant should have the opportunity to fully and fairly administer Ms. Butler's claim once the record is complete. *Gilliam*, 2006 WL 2873475, at *10. In conclusion, remand is proper because the Court does not find the sort of threat to Plaintiff's due process rights that would require the Court to determine Ms. Butler's eligibility for benefits without remand to the plan administrator.

## V. Conclusion

For the reasons contained herein, it is hereby **ORDERED** that Plaintiff's motion for reconsideration and/or clarification [Doc. 61] is **DENIED**; this Court's judgment order regarding the parties' cross-motions for summary judgment [Doc. 43] is **AFFIRMED**; this case is **REMANDED** to the plan administrator for a "full and fair review" of its decision to deny benefits;

11

and this action is **DISMISSED**. On remand, the plan administrator should review thoroughly all available evidence regarding Ms. Butler's claim for benefits and, after a full and fair inquiry, clearly detail non-arbitrary reasons for its benefits decision.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge